[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
The Honorable Bob F. Griffin Representative, District 10 State Capitol Building, Room 308 Jefferson City, Missouri 65101
Dear Representative Griffin:
This opinion is in response to your question asking:
 Whether a nursing home district in Missouri has authority to sell a nursing home facility it operates to a private nursing home operator?
Nursing home districts are created and function pursuant to the provisions of Sections 198.200 to 198.360, RSMo 1986. The powers of a nursing home district are detailed in Section198.300, RSMo 1986, which provides as follows:
 198.300. Powers of nursing home district. — 1. A nursing home district shall have and exercise the following governmental powers, and all other powers incidental, necessary, convenient or desirable to carry out and effectuate the express powers:
 (1) To establish and maintain a nursing home within its corporate limits, and to construct, acquire, develop, expand, extend and improve the nursing home;
 (2) To acquire land in fee simple, rights in land and easements upon, over or across land and leasehold interests in land and tangible and intangible personal property used or useful for the location, establishment, maintenance, development, expansion, extension or improvement of any nursing home. The acquisition may be by dedication, purchase, gift, agreement, lease, use or adverse possession or by condemnation;
 (3) To operate, maintain and manage the nursing home, and to make and enter into contracts for the use, operation or management of and to provide rules and regulations for the operation, management or use of the nursing home;
 (4) To fix, charge and collect reasonable fees and compensation for the use or occupancy of the nursing home or any part thereof, and for nursing care, medicine, attendance, or other services furnished by the nursing home, according to the rules and regulations prescribed by the board from time to time;
 (5) To borrow money and to issue bonds, notes, certificates, or other evidences of indebtedness for the purpose of accomplishing any of its corporate purposes, subject to compliance with any condition or limitation set forth in sections 198.200 to 198.350 or otherwise provided by the Constitution of the state of Missouri;
 (6) To employ or enter into contracts for the employment of any person, firm, or corporation, and for professional services, necessary or desirable for the accomplishment of the corporate objects of the district or the proper administration, management, protection or control of its property;
 (7) To maintain the nursing home for the benefit of the inhabitants of the area comprising the district regardless of race, creed or color, and to adopt such reasonable rules and regulations as may be necessary to render the use of the nursing home of the greatest benefit to the greatest number; to exclude from the use of the nursing home all persons who willfully disregard any of the rules and regulations so established; to extend the privileges and use of the nursing home to persons residing outside the area of the district upon such terms and conditions as the board of directors prescribes by its rules and regulations;
 (8) To police its property and to exercise police powers in respect thereto or in respect to the enforcement of any rule or regulation provided by the ordinances of the district and to employ and commission police officers and other qualified persons to enforce the same.
 2. The use of any nursing home of a district shall be subject to the reasonable regulation and control of the district and upon such reasonable terms and conditions as shall be established by its board of directors.
 3. A regulatory ordinance of a district adopted under any provision of this section may provide for a suspension or revocation of any rights or privileges within the control of the district for a violation of any regulatory ordinance.
 4. Nothing in this section or in other provisions of sections 198.200 to 198.350 shall be construed to authorize the district or board to establish or enforce any regulation or rule in respect to the operation or maintenance of the nursing home within its jurisdiction which is in conflict with any federal or state law or regulation applicable to the same subject matter.
In Missouri Attorney General Opinion No. 531, Bollow, 1970 (now withdrawn), a copy of which is enclosed, we addressed the following question:
 Does the Board of Directors of the Nursing Home District organized under the provisions of Chapter 198 have authority to sell and convey real estate acquired for Nursing Home District purposes but never used for such purpose?
After examination of the statutory powers of a nursing home district as set out in Section 198.300, RSMo 1969 (identical to the present statute), we concluded "that a nursing home district created under Sections 198.200 to 198.350, RSMo 1969, does not have the power to sell real estate purchased by it in the absence of express legislative authority."
Subsequently, Opinion No. 531, Bollow, 1970, was withdrawn after Section 198.305, RSMo 1986, was enacted by House Bill No. 382, 78th General Assembly, First Regular Session (1975). This section provides as follows:
 198.305. Unsuitable site, may be changed, when. — 1. If, after acquiring a site for a nursing home and before construction of a nursing home is begun,
the board of the district by resolution determines that the site acquired is unsuitable for the purpose and that the land should be sold and another more suitable site acquired, the board may sell and convey the land in the manner provided in subsection 2, provided that all outstanding bonds of the district constituting a lien on the land to be sold have been paid in full; or a sum sufficient to pay all such bonds, together with interest accrued or to accrue thereon, together with any other items of expense provided in such bonds, is deposited with the fiscal agent named in the bonds for the purpose of full payment; or consent in writing is obtained from all of the holders of the bonds.
 2. Upon filing with the county clerk of the county in which the original petition to organize the district was filed of a certified copy of the resolution adopted by the board of directors of the district setting forth the reasons for selling the land and the manner in which the conditions of the provisions in subsection 1 of this section have been satisfied, the clerk shall present the resolution to the county commission. If the commission is satisfied that the statements in the resolution are true and valid, it shall by order entered of record approve the resolution. The board of directors of the district may then proceed to sell and convey the property. The deed shall be executed by the secretary of the board for and on behalf of the district, and shall convey to the purchaser all the right, title, interest, and estate which the nursing home district has in the land.
 3. Any proceeds from the sale of the property remaining after the expenses of the sale of the property and the purchase price and costs of purchase of the new site have been paid shall be placed in the treasury of the district and used to carry out the purposes for which the district was organized. [Emphasis added.]
In construing this statute, legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. Metro Auto Auction v. Director ofRevenue, 707 S.W.2d 397, 401 (Mo. banc 1986). Section 198.305, RSMo 1986, plainly refers only to authority to sell land before a nursing home has been constructed on it. This section does not expressly authorize the sale of an existing nursing home.
As we noted in Opinion No. 531, Bollow, 1970, Section198.300, RSMo 1986, provides that the powers of a nursing home district are governmental, and Section 198.200.2, RSMo 1986, provides that such a district is a political subdivision of the state. In the absence of express legislative authority, it is our view that a nursing home district does not have the power to sell a nursing home.
A similar conclusion was reached in Missouri Attorney General Opinion Letter No. 375, Sivils, 1973 (now withdrawn), a copy of which is enclosed, which addressed the question of whether a hospital district organized under the provisions of Chapter 206, RSMo, is authorized to sell real property consisting of a former hospital and its site. We concluded that absent express legislative authority, a hospital district did not have the power to sell the former hospital and its site. This opinion was subsequently withdrawn when Section206.157, RSMo, was enacted by Senate Bill No. 648, 78th General Assembly, Second Regular Session (1976). Section206.157, RSMo 1986, provides in pertinent part:
 1. A hospital district may, . . . sell and convey property of the district, both real and personal, which is no longer needed by the district to carry out the purposes for which the district was organized, including hospital buildings and grounds which have been adequately replaced by other hospital buildings and grounds. . . . [Emphasis added.]
* * *
CONCLUSION
It is the opinion of this office that a nursing home district created under Sections 198.200 to 198.360, RSMo 1986, does not have the power to sell a nursing home facility it operates to a private nursing home operator in the absence of express legislative authority.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 531, Bollow, 1970 (Withdrawn) Opinion Letter No. 375, Sivils, 1973 (Withdrawn)